James A. Kohl, Esq.
NV Bar No. 5692
**Howard & Howard Attorneys PLLC**
3800 Howard Hughes Pkwy., Ste. 1400
Las Vegas, NV 89169
Telephone: (702) 257-1483
Facsimile: (702) 567-1568
E-Mail Address: jak@h2law.com
Attorney for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

SUZANNE de MARTINEZ,

    Plaintiff

vs.

WRIGHT MEDICAL TECHNOLOGY, INC., a Foreign corporation, qualified to do business in Nevada; WRIGHT MEDICAL GROUP, INC., a Foreign corporation, qualified to do business in Nevada, WRIGHT MEDICAL EUROPE, S.A., a Foreign corporation, is not a citizen of Nevada, DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,

    Defendants

CASE NO.: 2:11-CV-00694-RLH-CHW

### PROTECTIVE ORDER

The Court enters this Order in accordance with Rule 26 of the Federal Rules of Civil Procedure to protect the specific and serious trade secret and confidentiality interests of the Parties to the above-captioned matter as well as any Third-Parties from whom information is sought in this matter, and to expedite discovery without delay caused by possible disputes regarding claims of confidentiality of information, documents and things that may contain or

1 constitute trade secrets, confidential research and development, and any commercial, financial
2 or other proprietary information.

3       IT IS HEREBY ORDERED, pursuant to Federal Rule of Civil Procedure 26 that:

4 **1. SCOPE OF PROTECTIVE ORDER**

5    **1.1. Scope of Order.**

6       This Order shall apply to discovery initiated by any of the parties to one or more other
7 parties or to any third parties and shall apply to all information, documents, electronically
8 stored information ("ESI"), and/or things in the possession of or under the control of any party
9 or third party subject to discovery in this action. This Order shall further govern the production
10 of documents and information supplied in this case in any form by a party and designated by
11 that producing party as embodying "Confidential" material for purposes of discovery or
12 otherwise.

13 **2. PROCEDURES FOR PROTECTION OF CONFIDENTIAL INFORMATION**

14

15    **2.1. "Confidential" Information Defined**

16       "Confidential" material shall include any non-public material that the Producing Party
17 reasonably and in good faith believes contains or reveals trade secrets; confidential research,
18 development or commercial information, including but not limited to inspections of premises or
19 things; or other proprietary or sensitive information or know-how that derives its value from
20 secrecy, or such material the public disclosure of which would cause the Producing Party, or
21 third parties identified therein, undo annoyance or embarrassment. The scope of this Order
22 shall include all copies, excerpts, summaries, or notes that are prepared or derived therefrom
23 and that incorporate or reflect information contained in any Confidential Material, as well as
24 testimony and oral conversations derived therefrom or related thereto.

Howard & Howard Attorney PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

**2.2. Designation of Confidential Information.**

Each deposition transcript page or portion thereof, each interrogatory answer or portion thereof, each produced document or portion thereof, and each premise or thing or portion thereof which is deemed by the Producing Party to disclose confidential information (hereinafter "Confidential Information"), will be identified and labeled as "CONFIDENTIAL."

Such identification and marking shall be made at the time when the Producing Party provides responses, documents, inspections, or things that it considers to be Confidential Information. In the case of deposition transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence, if any, within fourteen (14) days after the receipt of the transcript of the deposition, if such request for a confidential designation is not made at or during the deposition. Counsel must make a good faith attempt to designate only those materials which contain sensitive business or personnel matters, not available to the general public, as Confidential Information. During the 14-day period, the entire deposition transcript shall be deemed to be confidential.

Further, at the beginning of any physical inspection of any tangible item, premise, or thing or portion thereof, either party, through counsel, may declare the inspection itself, and any and all visual observations, measurements, drawings, depictions, photographic and/or videotaped images, audio-taped and/or transcribed audio-taped information, recordings of any kind, notes, and any documents received or generated related to the physical inspection as containing Confidential Information.

**2.3. Disputes as to Confidential Information.**

A party may object to the designation of particular Confidential Material by giving written notice to the party designating the disputed information. The written notice shall

Howard & Howard Attorney PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Material under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as Confidential Material in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Material.

## 3. AUTHORIZED USE OF CONFIDENTIAL INFORMATION

**3.1. Use of Confidential Information.**

Confidential Information shall not be used or shown, disseminated, copied or in any way communicated to any person for any purpose whatsoever, other than as required for the preparation and trial of this action, including any appeals, and only in compliance with this Order. Confidential Information shall not be used for competitive purposes. No person shall under any circumstances sell, offer for sale, advertise or in any way disclose Confidential Information (e.g. no person shall permit the viewing, dissemination, copying, recording, duplicating, transmitting or sharing of Confidential Information). Counsel for Plaintiff and Defendant shall take necessary and reasonably proper precautions to prevent the unauthorized or inadvertent disclosure or distribution of any Confidential Information.

Except with the prior written consent of counsel for the party designating the information or upon further order of this Court, disclosure of Confidential Information shall be limited to the following persons, who shall be referred to as "Qualified Persons":

    3.1.1. attorneys of record for any of the parties and necessary employees of the attorneys of record or the law firm of the attorneys of record in this case;

    3.1.2. all outside experts and consultants, who are not employees, officers, directors, or representatives of any party, retained by the parties and whose assistance is necessary in the preparation and trial of this action and necessary employees of the outside experts and consultants or the firm of such experts and consultants;

    3.1.3. all named parties who have made an appearance in this lawsuit and their employees; and

    3.1.4. the judge and jury that hears this case at trial.

Copies of Confidential Information bearing a label specified in paragraph 2.01 and 2.02 hereof shall not be disclosed to any person, other than the Qualified Persons of paragraph 3.01, by the party to whom they are produced, unless they become a part of the public record of this action.

**3.2. Prerequisites to Disclosure to Qualified Persons.**

No person listed in Paragraph 3.01 (a) - (d) shall be allowed access to Confidential Information unless each such person is (i) given a copy of this Order and thoroughly advised as to its terms by the respective party's attorney; and (ii) agrees in writing to strictly comply with the terms of this Order through completion of the form that is attached to this Order as Exhibit 1. For the persons listed in Paragraph 3.01 (a), the requirements of this Paragraph 3.02 can be met by the attorney of record completing the form attached as Exhibit 1 on behalf of the attorney and the attorney's agents or employees.

Before disclosing Confidential Material to any person listed in paragraphs 3.01 (b), the party wishing to make such disclosure shall give at least seven (7) business days advance notice

in writing to the counsel who designated such discovery material as Confidential Information, stating that such disclosure will be made, identifying by subject matter category the discovery material to be disclosed, and stating the purposes of such disclosure. If, within the seven (7) business day period, an application is made to the Court objecting to the proposed disclosure, disclosure is not permissible until the Court has ruled on such application.

For each Qualified Person to whom disclosure of Confidential Information is made, each respective counsel shall retain a copy of the signed agreement pursuant to the requirements of the preceding paragraph.

### 3.3. Depositions.

The confidentiality requirements of this Order extend to oral depositions and depositions on written questions. Any individual not authorized by this Protective Order to be a recipient of Confidential Information may be excluded from a deposition while such information is being elicited.

### 3.4. Filing Confidential Information.

The parties shall comply with **Nevada District Court Local Rule 10-5** when filing motions to seal and when filing Confidential Information under seal. Confidential Information shall not be filed with the Court except when required in connection with matters pending before the Court. In addition to the requirements of **Local Rule 10-5**, when filing papers and documents under seal, they shall be filed in a sealed envelope, clearly marked:

> THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT

Howard & Howard Attorney PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

and shall remain sealed while in the office of the Clerk so long as they retain their Confidential designation. Said Confidential Information shall be kept under seal until further order of the Court; however, Confidential Information and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Order.

**3.5. Use of Confidential Information during the course of litigation and at trial.**

Confidential Information may be included in whole or in part in pleadings, motions, briefs, or otherwise filed with the Court as necessary so long as the filing party complies with the requirements of **Local Rule 10-5** outlined in paragraph 3.04, above.

**4. PROCEDURES UPON THE CONCLUSION OF THIS LITIGATION**

**4.1. Return of materials containing Confidential Information.**

Within thirty (30) days after entry of dismissal or of final judgment in this action, including appeals, and upon written request, all documents and information, together with all copies thereof that have been and remain designated as including Confidential Information of Plaintiff and/or Defendant, pursuant to this Protective Order, shall be collected and returned to Plaintiff and/or Defendant, as the case might be. Additionally, Plaintiff's and Defendant's counsel shall cooperate in confirming that said documents and information in the possession of the Qualified Persons have been returned to Plaintiff and/or Defendant, as the case might be. If requested by Plaintiff or Defendant, all Qualified Persons to whom any Confidential Information was disseminated shall sign a certification to verify that all documents and materials in their possession, containing Confidential Information, have been returned.

**4.2. Continuing jurisdiction of the Court.**

After termination of this litigation, the provisions of this Order shall continue to be binding unless otherwise ordered by the Court. This Court retains and shall have jurisdiction over the parties and recipients of Confidential Information for enforcement of the provisions of this Order.

## 5. MISCELLANEOUS PROVISIONS

**5.1. Binding effect.**

This Order shall be binding upon the parties, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, employees, agents, independent contractors and other persons or organizations over which they have control.

**5.2. No waiver or admission.**

Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. The entry of this Protective Order shall not be construed as a waiver of any right to object to furnishing information in response to a discovery request or to object to a requested inspection of documents or things. Nothing contained in this Protective Order, and no action taken in compliance with it, shall: (a) operate as an admission by any party or person that any particular document or information is or is not confidential; (b) operate as a waiver of any claim or defense in this action; or (c) prejudice in any way the right of any party or person to seek a Court determination of whether or not particular documents or information should be disclosed or, if disclosed, whether or not they should be deemed Confidential Information and subject to this Protective Order.

Howard & Howard Attorney PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

**5.3. Inadvertent Disclosure by Producing Party.**

The inadvertent and/or unintentional disclosure by the Producing Party of Confidential Information, either by way of document production or by deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or concerning the same or unrelated subject matter. Any such inadvertently or unintentionally disclosed material by a Producing Party not designated as such at the time of its release shall be designated as CONFIDENTIAL as soon as reasonably possible after the Producing Party becomes aware of the erroneous release and shall thereafter be treated as confidential hereunder. No liability shall attach for the Receiving Party's disclosure of inadvertently or unintentionally disclosed Confidential Material from the time of receipt of that material until such time as the Producing Party properly designates it as confidential.

**5.4. Privileges and Objections.**

Nothing in this Order shall preclude any party from asserting the attorney-client, work product, or any other applicable privilege as to any document or information. It is understood and agreed that nothing herein constitutes a waiver of the right of any party to raise or assert any objections, including but not limited to defenses or objections with respect to the use, relevance, or admissibility at trial of any evidence. This Order shall not be construed as a waiver by any party of any legally cognizable privilege or protection to withhold any document or information, or of any right that any party may have to assert such privilege or protection at any stage of the proceeding.

**5.5. Termination of Litigation**

This Order, insofar as it restricts the communication and use of Confidential Information, shall survive and continue to be binding after the conclusion of this action, and the Court shall retain jurisdiction over these parties and this matter for the purpose of ensuring compliance with the Order and granting such other and further relief as may be necessary.

At the conclusion of this action, including any appeals, all documents, records, tangible materials, or other information designated as CONFIDENTIAL and (except as provided herein with respect to documents reflecting privileged communication or attorney work product) and all copies of any of the foregoing shall be promptly returned by counsel for the Receiving Party to counsel for the Producing Party. In the alternative, to the extent that documents reflecting privileged communications or attorney work product contain information designated CONFIDENTIAL, the Receiving Party may, in lieu of returning such documents to the Producing Party, certify in writing to the Producing Party, within 42 days of the termination of the litigation, that such documents have been destroyed.

**5.6. Relief from Order.**

Any person may request the Court to grant relief from any provisions of this Protective Order.

**5.7. Exclusions.**

Nothing herein shall impose any restrictions on the use or disclosure by any party or any witness of documents or information obtained lawfully by any party or any witness independently of the discovery proceedings in this action, whether or not such documents or information are also obtained from Plaintiff or Defendant, as the case might be, in this action. Nothing in this Protective Order shall prevent a party or non-party from using or disclosing its

own documents or information for any purpose, regardless of whether they are designated confidential under this Protective Order. Nothing in this Protective Order shall prevent a party from disclosing information to any person who authored, or who otherwise lawfully received or possessed such information, including, without limitation, for purposes of obtaining additional discovery from that person.

**5.8.** The Court retains the final and complete authority to redesignate any confidential document as a public document.

ORDERED this the 24th day of October, 2011.

_____
JUDGE

Approved as to form:

**Howard & Howard Attorneys PLLC**          **Geoffrey A. Potts, Esq.**

_____             _____
James A. Kohl, Esq.                         Law Offices of Geoffrey A. Potts, P.C.
NV Bar No. 5692                             1057 Whitney Ranch Drive, Suite 350
3800 Howard Hughes Pkwy., Ste. 1400         Henderson, NV 89014
Las Vegas, NV 89169                         Counsel for Plaintiff
Attorney for Defendant

Howard & Howard Attorney PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

1  Exhibit A

2  **AGREEMENT CONCERNING CONFIDENTIALITY**

3
4  I, _Geoffrey A. Potts, esq._ , being duly sworn, state that:

    1. My address is _6055 Grape Blossom Av. LV, NV. 89142_

5
    2. My present employer is _self_ and the address of my

6
    present employment is _1057 Whitney Ranch Dr. #350, Henderson NV 89014_

7
    3. My present occupation or job description is _attorney_

8

9
    4. I have received a copy of the Protective Order in this case.
10
    5. I have carefully read and understand the provisions of the Protective Order.
11
    6. I will comply with all of the provisions of the Protective Order.
12
    7. I will hold in confidence and not disclose to anyone not qualified under the Protective
13
    Order, any CONFIDENTIAL INFORMATION or any words, summaries, abstracts, or indices of
14
    CONFIDENTIAL INFORMATION disclosed to me.
15
    8. I will return all CONFIDENTIAL INFORMATION and summaries, abstracts and
16
    indices thereof which come into my possession, and documents or things which I have prepared
17
    relating thereto, to counsel for the party by whom I am employed or retained.
18
    This instrument was acknowledged before me on this _7th_ day of ~~June~~ _October_, 2011 by
19
    _Geoffrey Potts_
20

21

22      Notary Public in and for
        The State of
23  My Commission Expires:

24



NOTARY PUBLIC
STATE OF NEVADA
County of Clark
DEBORAH CARROLL
Appt. No. 03-85631-1
My Appt. Expires May 23, 2015

Howard & Howard Attorney PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483